**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**SIXTO GOMEZ–BAUTISTA,**
**Defendant–Appellant.**

**No. 13–10082.**

United States Court of Appeals,
Ninth Circuit.

Filed Dec. 13, 2013.*

Submitted Oct. 23, 2013.

Ryan P. Dejoe, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Peter A. Matiatos, Law Office of Peter A. Matiatos, Tucson, AZ, for Defendant–Appellant.

Before: HUG, FARRIS, and LEAVY, Circuit Judges.

MEMORANDUM **

Sixto Gomez–Bautista appeals from the district court's judgment and challenges the 36–month sentence imposed following his guilty-plea conviction for re-entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gomez–Bautista contends that his 36–month sentence, which is well below the applicable Sentencing Guidelines range, is substantively unreasonable. We review for abuse of discretion. *See Gall v. United*

*States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The district court did not abuse its discretion in imposing the 36–month sentence. The sentence is not substantively unreasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, including not only the appellant's reasons for re-entering the country, but also the appellant's criminal history and the need for the sentence to provide deterrence. *See id.; see also United States v. Gutierrez–Sanchez*, 587 F.3d 904, 908–09 (9th Cir.2009) (holding that district court did not place undue weight on need for deterrence where defendant repeatedly entered the United States illegally); *United States v. Higuera–Llamos*, 574 F.3d 1206, 1211–12 (9th Cir.2009) (holding that increased sentence was substantively reasonable given the defendant's prior immigration offenses and the failure of previous sentences to deter him from re-offending).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.